## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ILLINOIS

IN RE:        **KENNETH MCCALLISTER,**                    **Case No. 07-32127**

                          **Debtor.**                                   **Chapter 13**

## DECISION AND ORDER OVERRULING THE TRUSTEE'S OBJECTION TO THE DEBTOR'S AMENDED EXEMPTIONS

The trustee filed an objection to the debtor's amended exemptions. The trustee argued that the debtor could not claim a homestead exemption under 735 ILCS 5/12-901 for a security deposit in an apartment lease. The debtor disagreed. For the reasons that follow, the Court overrules the trustee's objection to the debtor's amended exemptions.

### I.     FACTUAL BACKGROUND

The debtor filed his Chapter 13 petition on October 20, 2007. On November 16, 2007 the debtor filed an amended schedule B and C. In his amended schedule B the debtor listed a $295 security deposit that he had provided to his landlord to lease his apartment. In his amended Schedule C, the debtor claimed an exemption in the amount of $295.00 for that security deposit. The debtor alleged that the security deposit was exempt pursuant to the provisions in 735 ILCS 5/12-901.

The trustee objected to the debtor's amended exemptions. He argued that the exemption in 735 ILCS 5/12-901 did not apply to a security deposit for a leasehold property interest. The debtor responded that the plain meaning of the exemption statute permitted him to claim an exemption in the security deposit.

The Court took the matter under advisement.

1

## II.   LEGAL ANALYSIS

11 U.S.C. § 522(b)(1) allows a debtor to choose either state or federal exemptions, "unless a state chooses to 'opt out' of the federal exemption scheme." In re Chapman, 223 B.R. 137, 139 (Bankr.N.D.Ill.1998) (citing 11 U.S.C. §522(b)(1)).  Illinois opted out of the federal exemption scheme by enacting 735 ILCS 5/12-1201, which states that "[i]n accordance with the provisions of Section 522(b) of the Bankruptcy Code . . . residents of this State shall be prohibited from using the federal exemptions provided in Section 522(d) of the Bankruptcy Code . . . except as may otherwise be permitted under the laws of Illinois."  Therefore, Illinois residents who file for bankruptcy must look to Illinois law to determine what they may exempt.  In Illinois, "[e]xemption statutes must be liberally construed in favor of the debtor. . . . Where it is possible to interpret an exemption statute either favorably or unfavorably with respect to the debtor, the favorable method should be selected." In re Laredo, 334 B.R. 401, 409-10 (Bankr.N.D.Ill.2005).

In this case, the debtor relied on the Illinois homestead exemption statute, 735 ILCS 5/12-901, to justify the exemption of the $295 security deposit.  To determine whether a security deposit may be exempted under this statute, the Court first looks to the statutory language.  See Duncan v. Walker, 533 U.S. 167, 172 (2001) ("We begin, as always, with the language of the statute.")

The pertinent portion of 735 ILCS 5/12-901 states that

[e]very individual is entitled to an estate of homestead to the extent in value of $15,000 of his or her interest in a farm or **_lot of land and buildings thereon_**, a condominium, or personal property, **_owned or rightly possessed by lease or otherwise and occupied by him or her as a residence_**, or in a cooperative that owns property that the individual uses as a residence.

735 ILCS 5/12-901 (emphasis added).

The statute states that every individual is entitled to a homestead exemption up to $15,000

"of his . . . *interest in a . . . lot of land and buildings thereon . . . rightly possessed by lease* or otherwise *and* occupied by him or her *as a residence*."  Id. (emphasis added).  Therefore, if the debtor has an interest in a lot of land and buildings thereon which he rightly possesses by lease *and* which he occupies as a residence, the debtor is entitled to a homestead exemption of up to $15,000 in that interest.  Pursuant to this language, a security deposit on a leased apartment is exempt.

While it does not appear necessary to look further, the Court did look to see whether there were any cases which might shed some light on this issue.  The trustee indicated that there were no cases directly on point.  It appears, however, that the trustee was mistaken.  In Watson v. Saxer, the Supreme Court of Illinois reviewed the Homestead Act, which at that time stated that the homestead exemption applied to the "lot of land and buildings thereon . . . rightfully possessed, by lease or otherwise, by him as a residence."   102 Ill. 585, 1882 WL 10263 *4 (Ill.1882) Interpreting this language, the Watson court explained:

> It will be observed that the first section of our present Homestead act is far more liberal as to the ownership of the land occupied as a homestead, than the old statute . . . .  The language of the present statute is: 'That every householder having a family shall be entitled to an estate of homestead, to the extent in value of $1000, in the farm or lot of land and buildings thereon owned or rightfully possessed, by lease or otherwise, by him as a residence.'  Under this statute a tenant holding a leasehold interest in premises may claim the benefit of the statute as well as the owner of the fee.  Indeed, the holder of any possessory interest in lands, without regard to the extent of title, may invoke the aid of the statute.

Id. (emphasis added).

Although it is over 125 years old, Watson remains good law.  While the Illinois Homestead Act has undergone many revisions since Watson was decided, the operative language that the Watson court analyzed is the same.  In the present homestead act, the statue includes almost identical language, stating that the homestead exemption is applied to the "lot of land and buildings

3

thereon . . . rightly possessed by lease or otherwise and occupied by him or her as a residence." 735

ILCS 5/12-901.  When one compares the language of the statute in Watson with the current version

of the statute, one sees that the pertinent language is the same.  And under the analysis in Watson,

the debtor in this case is permitted to exempt the security deposit.

Finally, the Court notes that allowing the debtor to exempt the security deposit comports with

the policy behind the Illinois exemption statute.  The purpose of the Illinois homestead exemption

"is to secure the debtor and his family the necessary shelter from creditors, thereby protecting his

fresh start in bankruptcy."  In re Laredo, 334 B.R. at 409. In order for the debtor to obtain leasehold

interest in his rental residence, the landlord required the debtor to provide a $295 security deposit.

Presumably, if the debtor had not provided his landlord with the security deposit, the landlord would

not have given the debtor a leasehold interest in the apartment.  As stated by the Court in In re

Casserino:

> Only by depositing funds for a security deposit and the last month's rent with his
> landlord did [the debtor] bec[ome] entitled to take possession of the property
> according to the terms of the lease.  If [the debtor's] landlord had been required to
> pay these funds to the trustee, [the debtor] would therefore have been in material
> breach of the lease.  For this reason, the deposit and the lease are not severable.  As
> the BAP put it, 'no deposit, no lease.' . . . If landlords were required to turn over the
> leaseholder's deposits to the bankruptcy trustee, they would presumably demand
> from the debtor a replacement deposit that, in many cases, he or she could not pay
> and could not arrange for others to pay.  A debtor who could not replace the security
> deposit would often face eviction.  This outcome would completely subvert the
> homestead exemption's purpose of allowing the debtor to keep a roof over his head.

379 F.3d 1069, 1074-75 (9th Cir.2004).

So–a lessee must provide a security deposit in order to obtain an interest in the leased

property.  As stated in Casserino, the policy behind the homestead exemption would be subverted

if the landlord were required to turn over the security deposit to the trustee, because the landlord

4

then could require the debtor to provide another security deposit that, in all likelihood, the debtor

could not afford.  If the debtor failed to provide a new security deposit, the debtor would be in

breach of the terms of the lease, and would be subject to eviction proceedings. This result would

circumvent the policy of the homestead exemption, which is to secure for the debtor and his family

the necessary shelter from creditors to protect his fresh start in bankruptcy.  *See* <u>Laredo</u>, 334 B.R.

at 409.

From statutory interpretation, case law and policy perspectives, then, the Court concludes

that the debtor may exempt the $295 security deposit he provided to his landlord to secure the lease

on his rental apartment.

### III.    CONCLUSION

**WHEREFORE**, the trustee's objection to the debtor's amended exemptions is

**OVERRULED**, and the debtor's exemption of the $295 security deposit is **ALLOWED**.

ENTERED: February 22, 2008

_____/s/ Pamela Pepper_____6__
UNITED STATES BANKRUPTCY JUDGE
